846 F.2d 2
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1986 MERCEDES BENZ, VIN WDBEA30D2GA143459, and $2,710.00
in U.S. Currency, and Cynthia Parker,
Defendants-in-Rem and Claimant-Appellant.
 No. 974, Docket 87-6160.
 United States Court of Appeals,
Second Circuit.
 Argued April 18, 1988.
Decided May 2, 1988.
 
 Benjamin Sneed, New York City, (Pope Billups & Sneed, of counsel), for defendants-in-rem and claimant-appellant.
 Sarah Thomas-Gonzalez, New York City, Sp. Asst. U.S. Atty., for S.D. New York (Rudolph W. Giuliani, U.S. Atty., for S.D. New York, Richard W. Mark, Asst. U.S. Atty., of counsel), for plaintiff-appellee.
 Before FEINBERG, Chief Judge, MESKILL and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cynthia Parker appeals from a judgment of forfeiture of the United States District Court for the Southern District of New York, Peter K. Leisure, J., entered May 28, 1987 following a bench trial, forfeiting to the United States one 1986 Mercedes Benz, VIN WDBEA30D2GA143459. The district court determined that the government had probable cause to seize the Mercedes and that Parker had failed to established by a preponderance of the evidence that the Mercedes was not used to transport a controlled substance--namely, a small quantity of marijuana--and therefore the vehicle was forfeitable pursuant to 21 U.S.C. Sec. 881(a)(4). For the reasons given below, we affirm the judgment of the district court.
 
 
 2
 The relevant facts of this case, which are described in greater detail in the district court's findings of fact and conclusions of law, reported at 660 F.Supp. 410 (S.D.N.Y.1987), are as follows. In June 1986, United States Drug Enforcement Administration ("DEA") agents were conducting a surveillance at 42 West 128th Street, in New York City, when they observed the Mercedes run a red light. The Mercedes was driving in tandem with a Jeep Laredo and the agents concluded that the Jeep was " 'shotgunning' the Mercedes to protect someone of importance or something of value." 660 F.Supp. at 412. The agents recognized the Mercedes as belonging to Parker, who, along with Warmington Chow, was under investigation for allegedly running a crack operation in Harlem. The agents observed Chow get out of the Mercedes, another man leave the Jeep, and both enter a building. When the men left the building 20 minutes later, Chow was carrying a package under his arm.
 
 
 3
 The agents stopped the vehicles and asked the occupants of the Mercedes (Chow and two passengers) to get out of the car. The agents observed an open brown paper bag containing money in the front seat of the Mercedes. They removed the bag and found it contained $2,710 in old bills, with rubber bands around each denomination of bills, which the agents determined to be "street money." The agents then searched the rear of the car on the driver's side and found the remains of a marijuana cigarette in the ashtray; it had been smoked down to the end. The agents transported the Mercedes to the DEA office and informed its occupants that the car was going to be seized. The $2,710 in currency was also seized.
 
 
 4
 In October 1986, the government filed a verified complaint seeking forfeiture of the Mercedes pursuant to 21 U.S.C. Sec. 881(a)(4), because it "was used or intended to be used by Warmington Chow to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance." Parker, the owner of the Mercedes, filed a claim to the vehicle, denying the government's allegation. The action was consolidated with an action for the forfeiture of the $2,710 seized from the Mercedes, and was tried by Judge Leisure in February 1987.
 
 
 5
 The district court concluded that the Mercedes was forfeitable under 21 U.S.C. Sec. 881(a)(4) since it was used to transport marijuana, rejecting claimants' allegation that the marijuana was planted by an unidentified DEA agent. The court stated that it was of no legal significance that the amount of marijuana in question was relatively small or that the owner was not a participant in the acts that brought about the forfeiture. The court also concluded that the $2,710 in currency was forfeitable under 21 U.S.C. Sec. 881(a)(6) since Chow failed to establish that the currency was not furnished or intended to be furnished in exchange for a controlled substance. The court rejected Chow's story as to the source of the money. Chow did not appeal from the judgment of forfeiture.
 
 
 6
 On appeal, Parker argues that the mere suspicion that she was engaged in drug trafficking is insufficient to support the forfeiture of the Mercedes pursuant to 21 U.S.C. Sec. 881(a)(4). It is true that in order for the government to establish a prima facie case for the forfeiture of a vehicle under 21 U.S.C. Sec. 881(a)(4), the government must demonstrate probable cause for the forfeiture and the grounds for probable cause must rise above the level of "mere suspicion." See United States v. Banco Cafetero Panama, 797 F.2d 1154, 1160 (2d Cir.1986). However, since the forfeiture here is based upon the fact that the Mercedes was used to transport marijuana and not that it was used by Parker in connection with her alleged drug trafficking activities, Parker's argument is without merit.
 
 
 7
 The government also addresses the argument that the DEA agents' search of the Mercedes on June 6 violated Parker's fourth amendment rights. We are not sure that Parker has even made this argument, but to the extent that she has, we believe it is without merit. The evidence indicates that Chow was driving the Mercedes with Parker's permission, that he had borrowed the car from Parker on previous occasions and that when Chow used the car Parker never told him where or with whom he could go. When the DEA agents searched the interior of the car and found the remains of the marijuana cigarette in the ashtray, they intruded into an area of the car where Chow could have invited any stranger. We believe that by lending the Mercedes to Chow, Parker abandoned any legitimate expectation of privacy in the area searched and thus may not now contest the legality of the search. See United States v. One 1977 Mercedes Benz, 708 F.2d 444, 449-50 (9th Cir.1983), cert. denied, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984).
 
 
 8
 Finally, at oral argument, Parker argued that forfeiture of the Mercedes could not be predicated on the transportation of such a small quantity of marijuana, since under New York law the possession of less than 25 grams of marijuana has been decriminalized. See New York Penal Law Secs. 221.05, 221.10. It is not clear to what extent this argument was raised below. Nevertheless, we are satisfied that the argument is without merit. The governing law here is federal, not state. Marijuana is a controlled substance as defined in 21 U.S.C. Sec. 812(c), Schedule I and 21 U.S.C. Sec. 881(a)(4) provides for the forfeiture of any vehicle used to transport a controlled substance. And, as we stated in United States v. One 1974 Cadillac Eldorado Sedan, 548 F.2d 421, 425 (2d Cir.1977), "the transportation of any quantity of drugs however minute is admittedly sufficient to merit the forfeiture of the vehicle." Cf. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 693, 94 S.Ct. 2080, 2096, 40 L.Ed.2d 452 (1974) (yacht valued at $19,800 with one marijuana cigarette on board was forfeitable under Puerto Rico statute substantially similar to 21 U.S.C. Sec. 881, even though owner had no knowledge of the contraband).
 
 
 9
 We have considered all of claimant's arguments and find them to be without merit. The judgment of the district court is affirmed.